**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| TAP PUBLISHING COMPANY<br><br>Plaintiff,<br><br>vs.<br><br>TRADEQUIP SERVICES & MARINE, INC.,<br><br>Defendant. | Civil Action No.:_____<br><br>Judge _____<br><br>Magistrate Judge _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

This is a civil action at law and in equity for trademark infringement and unfair competition arising under the Lanham Act (15 U.S.C. §§ 1051 *et seq.*) and the common law.

## PARTIES

1. TAP Publishing Company ("Plaintiff" or "TAP"), is a Tennessee partnership having a principal place of business at 174 Fourth Street, Crossville, TN 38555.

2. Tradequip Services & Marine, Inc. is a Texas corporation having a principal place of business at 3363 Sam Houston Parkway West, Houston Texas 77038 ("Defendant" or "TSM").

## BACKGROUND

### TAP's Trademark Rights

3. TAP is the owner of the trademark TRADEQUIP INTERNATIONAL for print and online publications containing classified and display advertising for new and used equipment

for the energy industry and related services in the energy equipment procurement and sales trades.

4. TAP or its predecessor has been continuously using either INTERNATIONAL TRADEQUIP or TRADEQUIP INTERNATIONAL in connection with a printed publication, namely, a journal containing energy equipment and service advertisements since at least as early as March 1, 1979.

5. TAP has been continuously using TRADEQUIP INTERNATIONAL in connection with a website which features advertisements for goods and services of others in the field of energy; and providing a searchable online advertising website featuring goods and services of others in the energy field since at least as early as 1998.

6. TAP is the owner of valid U.S. Trademark Registration No. 4,670,113 for the trademark TRADEQUIP INTERNATIONAL.  U.S. Trademark Registration No. 4,670,113 is filed herewith as Exhibit 1.

7. TAP is the owner of valid U.S. Trademark Registration No. 4,677,717 for the trademark TRADEQUIP INTERNATIONAL.  U.S. Trademark Registration No. 4,677,717 is filed herewith as Exhibit 2.

8. TAP was the owner of U.S. Trademark Registration No. 1,603,729 for the trademark TRADEQUIP INTERNATIONAL.  U.S. Trademark Registration No. 1,603,729 is filed herewith as Exhibit 7.

9. TAP owns common law rights in the mark TRADEQUIP INTERNATIONAL and INTERNATIONAL TRADEQUIP based on its usage of those terms since 1979 throughout the United States.

10. TAP's TRADEQUIP INTERNATIONAL publications are well known throughout the energy equipment industry.

11. TAP's TRADEQUIP INTERNATIONAL print edition is delivered worldwide to the energy industry's active buyers three times a month.

12. Since 1983, TAP has had over 100,000 distinct subscribers to its TRADEQUIP INTERNATIONAL print publication.

13. Since 2003, TAP has mailed over 6 million individual issues of its TRADEQUIP INTERNATIONAL print publication to various customers and industry participants.

14. From 1983 to 2002, TAP had over 5,000 distinct customers who purchased advertisements in its TRADEQUIP INTERNATIONAL publications.

15. Since 2003, TAP has had over 2,500 different advertisers publish in its TRADEQUIP INTERNATIONAL publications.

16. Since at least 1998, TAP has maintained a website at www.tradequip.com. A current copy of the home page for that site is attached hereto as Exhibit 3.

17. In addition, TAP maintains multiple social media accounts that use the TRADEQUIP INTERNATIONAL mark. TAP has maintained or is maintaining accounts on Facebook, Twitter, LinkedIn, Google+, Blogger, YouTube, and Pinterest.

18. TAP has almost 80,000 "likes" on its TRADEQUIP INTERNATIONAL Facebook page.

19. TAP's trademark TRADEQUIP INTERNATIONAL serves as an indication of the source or origin of its TRADEQUIP INTERNATIONAL publications in the energy equipment field.

20. Through its continuous use since at least as early as 1979 and due to TAP's substantial investment in developing and promoting the TRADEQUIP INTERNATIONAL trademark, the mark has come to identify and distinguish TAP's goods and services, and the mark represents enormous goodwill of great value belonging exclusively to TAP.

### Defendant's Infringing Acts

21. TSM is the owner of U.S. Registration No. 4,179,201 for the mark TRADEQUIP SERVICES AND MARINE INC. and Design in connection with procurement, namely, purchasing parts and equipment for the oil and gas, mining, and energy industry for others based upon a date of first use of September 20, 2004. U.S. Registration No. 4,179,201 is attached hereto as Exhibit 5.

22. Upon information and belief, TSM procures oil field equipment, parts, accessories and tools for various customers throughout the United States.

23. TSM operates a website at www.tradequipsm.com. A copy of the current home page of TSM's website is attached hereto as Exhibit 4.

24. Upon information and belief, Defendant knowingly, willfully, and intentionally chose to use "tradequip" to create an association with TAP's well-known TRADEQUIP INTERNATIONAL mark and publications and to trade on the goodwill associated with TAP's marks.

### JURISDICTION AND VENUE

25. This Court has subject matter jurisdiction for the trademark infringement claims asserted in this Complaint pursuant to 15 U.S.C. § 1114 (Lanham Act) and 28 U.S.C. §§ 1331 and 1338 (trademarks). In addition, this Court has subject matter jurisdiction pursuant to

28 U.S.C. § 1332(a) because the parties' citizenship is diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.

26.  Venue is proper in this Court in accordance with 28 U.S.C. § 1391 because Defendant resides in this District as it is subject to personal jurisdiction in this District.

27.  This Court has personal jurisdiction over Defendant because Defendant engages in business in the State of Texas and is incorporated in the State of Texas.

## COUNT I

### Trademark Infringement

28.  TAP realleges and incorporates by reference each of the numbered paragraphs above as if fully set forth herein.

29.  TSM's use of "tradequip," which is the dominant or most recognizable portion of the TRADEQUIP SERVICES & MARINE INC. mark, in connection with goods and/or services in the energy equipment industry, after the date TAP first began using the mark TRADEQUIP INTERNATIONAL, has created a likelihood of confusion among the consuming public as to source, origin, sponsorship, and/or affiliation of goods.

30.  Indeed, Defendant's acts have caused dozens of instances of actual confusion.

31.  Defendant has had both constructive and actual notice of TAP's prior use of TRADEQUIP INTERNATIONAL for the relevant goods and/or services and has continued to infringe TAP's trademark.

32.  On December 15, 2014, TAP sent Defendant a cease and desist letter regarding Defendant's infringing activities, which is attached hereto as Exhibit 6.

33.  Defendant's conduct relating to the use of "tradequip" is without permission of TAP.

34. Defendant is thus in violation of 15 U.S.C. § 1114 with respect to the TRADEQUIP INTERNATIONAL mark.

35. Such acts by Defendant have caused TAP irreparable harm, and unless enjoined by this Court, will continue to cause irreparable harm, including injury to TAP's reputation and goodwill, as to which TAP is entitled to an injunction under 15 U.S.C. § 1116 to prevent ongoing infringement.

36. Among other harm, Defendant's acts undermine TAP's credibility associated with being independent and set apart from the actual procurement of energy equipment.

37. Such acts further cause harm to TAP as to which TAP is entitled to recover actual damages as well as the costs of any necessary corrective advertising.

38. Given that Defendant's conduct is willful, TAP is entitled to an accounting of profits, attorneys' fees, and multiplied damages.

## COUNT II

### Common Law Trademark Infringement and Unfair Competition

39. TAP realleges and incorporates by reference each of the numbered paragraphs above as if fully set forth herein.

40. Defendant's use of "tradequip" in commerce in connection with Defendant's products are likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant's with TAP, or as to the origin, sponsorship, or approval of Defendant's goods or commercial activities by TAP, and the public has, in fact, been confused or deceived as to the true source of the Defendant's goods and/or services and the rights and authority of their organizations.

41.     Defendant's unauthorized use of "tradequip" falsely represents that its goods and/or services emanate from or are authorized by TAP Publishing. It also places the quality of goods and/or services bearing "tradequip" beyond TAP's control.

42.     Defendant's wrongful conduct as alleged herein is causing immediate and irreparable harm and injury to TAP, and to its goodwill and reputation, and will continue to both damage TAP and confuse the public unless restrained or enjoined by this Court.

43.     Defendant's unlawful usurpation of TAP's rights and property further constitutes unfair competition under the Lanham Act.

## COUNT III

### Cancellation of U.S. Registration No. 4,179,201

44.     TAP realleges and incorporates by reference each of the numbered paragraphs above as if fully set forth herein.

45.     TAP will be harmed by Defendant's continued registration of the mark TRADEQUIP SERVICES AND MARINE INC. and any other attempts by Defendant to obtain registration for any mark incorporating "tradequip" or variations thereof.

46.     Pursuant to 15 U.S.C. § 1119, this Court should order the cancellation of Defendant's TRADEQUIP SERVICES AND MARINE INC. mark.

## PRAYER FOR RELIEF

WHEREFORE, TAP respectfully prays that this Court grant the following relief:

A.      That the Court enter injunctive relief, ordering that Defendant, as well as its officers, agents, servants, employees, attorneys and all others in active concert or participation with them, are enjoined and restrained from:

        1.      Engaging in any conduct that infringes the TRADEQUIP INTERNATIONAL trademark under the Lanham Act and/or under the common law; and

        2.      Offering any goods or services for sale using any mark containing or confusingly similar to TAP's TRADEQUIP INTERNATIONAL trademark.

    B.      That the Court enter an Order transferring the domain tradequipsm.com to Plaintiff;

    C.      That the Court enter an Order directing, pursuant to Section 37 of the Lanham Act (15 U.S.C. § 1119), the cancellation of U.S. Registration No. 4,179,201;

    D.      That the Court award TAP damages, an accounting of profits, and attorneys' fees and costs;

    E.      That the Court award TAP multiplied damages because of Defendant's willful and wrongful conduct;

    F.      A trial by jury as to all issues; and

    G.      That the Court award such further relief as is merited under law and equity.

Date: May 13, 2015                                    Respectfully submitted,


                                                      /s/ Nathan J. Bailey_____
                                                      Nathan J. Bailey (TN BPR # 026183)
                                                              (lead attorney)
                                                      Matthew C. Cox (TN BPR # 028212)
                                                      WALLER LANSDEN DORTCH & DAVIS, LLP.
                                                      Nashville City Center
                                                      511 Union Street, Suite 2700
                                                      Nashville, TN  37219
                                                      Telephone: (615) 244-6380
                                                      Facsimile: (615) 244-6804
                                                      Nate.Bailey@wallerlaw.com
                                                      Matt.Cox@wallerlaw.com

                                                      *Attorneys for TAP Publishing*